**BROWN & CONNERY, LLP**
By:  Christine P. O'Hearn
360 Haddon Avenue
Westmont, New Jersey 08108
Attorneys for Plaintiff,
TD Bank, N.A.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TD BANK, N.A.<br><br>Plaintiff,<br><br>v.<br><br>BRYAN K. TYSON,<br><br>Defendant. | CIVIL ACTION NO.:<br><br>VERIFIED COMPLAINT AND JURY DEMAND |

Plaintiff, TD Bank, N.A. ("Defendant"), hereby states and alleges as follows against plaintiff, Bryan K. Tyson:

### THE PARTIES

1. Plaintiff, TD Bank, N.A., is a national banking association and, as such, is a citizen of the State in which its main office is located, as set forth in its articles of association, in Wilmington, Delaware, and, therefore, it is deemed a citizen of the State of Delaware.

2. Defendant, Bryan K. Tyson, is a citizen of the State of Texas and resides at 26219 Kingsgate Lane, Katy, TX 77494.

3. Thus, there is diversity of citizenship between the parties.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this matter since there is diversity of citizenship between the parties and the damages exceed the sum or value of $75,000.00 pursuant to 28 U.S.C. Section 1332 (a).

5. This Court further has jurisdiction and venue over this matter and the parties since the parties agreed pursuant to the May 10, 2010 Settlement Agreement and Release detailed herein that "in the event that any litigation should arise related to the execution of this agreement, such litigation shall be filed only in the United States District Court for the District of New Jersey, Camden Vicinage. Both parties agree to personal jurisdicftion in such forum."

## FACTUAL BACKGROUND

6. Defendant, Bryan K. Tyson, was formerly employed by plaintiff, TD Bank, N.A. as Director of Mortgage Operations.

7. As the Director of Mortgage Operations, defendant Bryan K. Tyson participated in communications with attorneys on behalf of TD Bank, N.A. related to pending litigation, potential litigation, compliance issues and other legal matters.

8. As the Director of Mortgage Operations, defendant Bryan K. Tyson was involved in, had access to, and participated in communications related to confidential business information and proprietary information including business strategy, market strategy, analysis, projections, personnel, and other confidential and proprietary matters.

9. As the Director of Mortgage Operations, defendant Bryan K. Tyson was involved in, had access to, and participated in communications related to confidential banking information of TD Bank, N.A. customers and/or applicants.

10. Defendant, Bryan K. Tyson, filed an administrative charge of discrimination and/or retaliation with the Equal Employment Opportunity Commission and the New Jersey Division of Civil Rights under Charge No. 530-2009-03749 against TD Bank, N.A.

11. Defendant, Bryan K. Tyson, remained employed with TD Bank, N.A. at the time of the filing of the charge.

12. After engaging in mediation and discussing the matter, the parties decided to enter into a "Settlement Agreement and Release" ("Agreement") which resulted in defendant Bryan K. Tyson voluntarily resigning his employment effective April 23, 2010 based upon the terms and conditions set forth in the Agreement.

13. The Agreement contained a Confidentiality Provision in paragraph 7. As a result, TD Bank, N.A. seeks to file the Settlement Agreement and Release under Seal as Exhibit A to this Complaint.

14. Pursuant to the Agreement, plaintiff, TD Bank, N.A. had various obligations and duties with which it has complied and satisfied.

15. Pursuant to the Agreement, defendant Bryan K. Tyson had various obligations and duties with which he has failed to comply and/or violated.

16. Specifically, paragraph 8 of the Agreement entitled "Return of TD Bank Property" required that Tyson "return on or before his termination date, any and all things in his possession or control relating to TD Bank's business including but not limited to identification badges or other ID, computers, reports, correspondence, manuals, files, (including any and all electronic files and data) or any other materials related to counsel for TD Bank. Such materials and/or documents shall be delivered to counsel for TD Bank with the executed Agreement and Tyson shall provide a detailed written letter that he has

no such documents or materials in his possession with the return of this Executed agreement to counsel for TD Bank." See Exhibit A at ¶8.

17. TD Bank, N.A. has recently become aware that at the time of the execution of the settlement agreement defendant Bryan K. Tyson had in his possession audio tapes which he estimates to total 600 hours of recordings of communications during his employment with TD Bank, N.A.

18. TD Bank, N.A. learned of the existence of the recordings early in 2011 when a subpoena duces tecum was served to defendant Bryan K. Tyson seeking such records to be produced.

19. Since that time, TD Bank, N.A. has made several requests both verbally and in writing demanding that defendant Bryan K. Tyson return the recordings to TD Bank, N.A.

20. Defendant Bryan K. Tyson has failed to respond to these requests.

21. Thus, defendant Bryan K. Tyson failed to return and/or provide those tapes to TD Bank, N.A. at the time of the execution of the settlement agreement and continues to refuse to do so until the filing of this Complaint.

22. In addition, paragraph 11 of the Agreement requires that defendant Bryan K. Tyson "shall make himself available and cooperate at the request of TD Bank for any legal or business matters which may arise including but not limited to litigation, audits, etc. See Exhibit A at ¶11.

23. There is litigation recently filed against TD Bank, N.A. pending in this Court under the caption of **Vargas v. TD Bank, N.A.**, Civil Action Number 11-cv-00047.

24. TD Bank, N.A. has repeatedly requested defendant Bryan K. Tyson provide information and copies of the tape recordings in connection with its defense of the Vargas litigation. See Exhibit B, 1/13/11 and 2/16/11 Letters of C. O'Hearn.

25. A subpoena duces tecum has been issued to Bryan K. Tyson to produce the recordings to plaintiff's counsel in the Vargas litigation. See Exhibit C, Subpoena.

26. Defendant Bryan K. Tyson has failed to cooperate or provide the requested information.

27. TD Bank, N.A. is concerned that the 600 hours of audio recordings made by defendant Bryan K. Tyson during the course of his employment may contain communications with in-house counsel protected by the attorney-client and work product privileges.

28. TD Bank, N.A. is concerned that the 600 hours of audio recordings made by defendant Bryan K. Tyson during the course of his employment contain communications may include proprietary and/or confidential business information.

29. TD Bank, N.A. is concerned that the 600 hours of audio recordings made by defendant Bryan K. Tyson during the course of his employment contain communications may include confidential banking and/or customer information which is precluded from disclosure by state and/or federal laws.

30. If any of the audio recordings contain such attorney-client, work-product, confidential and/or proprietary information, and/or customer or other confidential banking information and are released to third-parties, TD Bank, N.A. will suffer irreparable harm and damage which is not compensable by economic damages.

31. TD Bank, N.A. has instructed defendant Bryan K. Tyson to not comply with the subpoena issued in the Vargas litigation and to not produce any audiotapes. See Exhibit B. However, TD Bank, N.A. has no assurance or other agreement from defendant that he

will not do so, particularly since Bryan K. Tyson has refused to respond and/or cooperate with inquiries from TD Bank, N.A.

## COUNT ONE – BREACH OF CONTRACT

32. Plaintiff, TD Bank, N.A. hereby incorporates the allegations of the prior paragraphs of the Complaint as if set forth herein.

33. The actions of defendant, Bryan K. Tyson, as set forth above violate the settlement agreement between the parties and constitute a breach of contract and/or breach of the implied covenant of good faith and fair dealing.

34. Defendant's actions have proximately caused damages to plaintiff, TD Bank, N.A.

**WHEREFORE**, plaintiff, TD Bank, N.A. hereby demands judgment in its favor on all claims and further awarding compensatory and punitive damages as well as costs, attorneys fees and such other relief as the Court deems just as well as injunctive relief requiring defendant Bryan K. Tyson:

(1) Provide all original audio tape recordings in his possession which refer and/or relate to TD Bank, N.A. and/or his employment within five (5) days;

(2) Provide a certification under oath that all original audio tape recordings in his possession which refer and/or relate to TD Bank, N.A. and/or his employment have been produced;

(3) Provide TD Bank, N.A. with a list of all names and/or entities to whom any of the audio tape recordings have been previously provided or made available.

(4) Refrain from engaging in copying, releasing or otherwise disclosing to any person the contents of any audio tape recordings in his possession which refer and/or relate to TD Bank, N.A. and/or his employment other than to counsel for TD Bank, N.A.;

(5) Refrain from destroying, deleting, modifying, altering and/or or taking any other action with respect the contents of any audio tape recordings in his possession which refer and/or relate to TD Bank, N.A. and/or his employment prior to providing them to counsel for TD Bank, N.A.

## COUNT TWO – RECISSION OF AGREEMENT

35. Plaintiff, TD Bank, N.A. hereby incorporates the allegations of the prior paragraphs of the Complaint as if set forth herein.

36. The actions of defendant, Bryan K. Tyson, as set forth above constitute fraud in the inducement, fraudulent misrepresentation and/or otherwise wrongful acts which justify the equitable remedy of rescission of the settlement agreement and the return of any and all consideration paid to defendant Bryan K. Tyson pursuant to the Agreement.

**WHEREFORE**, plaintiff, TD Bank, N.A. hereby demands judgment in its favor on all claims and further awarding compensatory and punitive damages as well as costs, attorneys fees and such other relief as the Court deems just as well as injunctive relief requiring defendant Bryan K. Tyson:

(1) Provide all original audio tape recordings in his possession which refer and/or relate to TD Bank, N.A. and/or his employment within five (5) days;

(2) Provide a certification under oath that all original audio tape recordings in his possession which refer and/or relate to TD Bank, N.A. and/or his employment have been produced;

(3) Provide TD Bank, N.A. with a list of all names and/or entitites to whom any of the audio tape recordings have been previously provided or made available;

7

(4) Refrain from engaging in copying, releasing or otherwise disclosing to any person the contents of any audio tape recordings in his possession which refer and/or relate to TD Bank, N.A. and/or his employment other than to counsel for TD Bank, N.A.;

(5) Refrain from destroying, deleting, modifying, altering and/or or taking any other action with respect the contents of any audio tape recordings in his possession which refer and/or relate to TD Bank, N.A. and/or his employment prior to providing them to counsel for TD Bank, N.A.

## COUNT THREE – BREACH OF DUTY OF LOYALTY AND FIDUCIARY DUTY

37. Plaintiff, TD Bank, N.A. hereby incorporates the allegations of the prior paragraphs of the Complaint as if set forth herein.

38. The actions of defendant, Bryan K. Tyson, as set forth above, constitute a breach of the duty of loyalty and fiduciary duty owed by him as an employee to plaintiff, TD Bank, N.A. during his employment.

39. Defendant's actions have proximately caused damages to plaintiff, TD Bank, N.A.

**WHEREFORE**, plaintiff, TD Bank, N.A. hereby demands judgment in its favor on all claims and further awarding compensatory and punitive damages as well as costs, attorneys fees and such other relief as the Court deems just as well as injunctive relief requiring defendant Bryan K. Tyson:

(1) Provide all original audio tape recordings in his possession which refer and/or relate to TD Bank, N.A. and/or his employment within five (5) days;

(2) Provide a certification under oath that all original audio tape recordings in his possession which refer and/or relate to TD Bank, N.A. and/or his employment have been produced;

(3) Provide TD Bank, N.A. with a list of all names and/or entities to whom any of the audio tape recordings have been previously provided or made available;

(4) Refrain from engaging in copying, releasing or otherwise disclosing to any person the contents of any audio tape recordings in his possession which refer and/or relate to TD Bank, N.A. and/or his employment other than to counsel for TD Bank, N.A.;

(5) Refrain from destroying, deleting, modifying, altering and/or or taking any other action with respect the contents of any audio tape recordings in his possession which refer and/or relate to TD Bank, N.A. and/or his employment prior to providing them to counsel for TD Bank, N.A.

                              **BROWN & CONNERY, LLP.**
                              Attorneys for Plaintiff,
                              TD Bank, N.A.

                              /s/ Christine P. O'Hearn
Dated: May 9, 2011                CHRISTINE P. O'HEARN

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I, Christine P. O'Hearn, hereby certify as follows:

This matter is not the subject of any other action pending in any court or of any pending arbitration proceeding and no other action or arbitration proceeding is contemplated. I certify that the foregoing pleading has been served and filed pursuant to the applicable Federal Rules of Civil Procedure.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                              **/s/ Christine P O'Hearn**
                                              Christine P. O'Hearn

Dated: May 9, 2011

## VERIFICATION

I, Lonniece Senior, am employed by TD Bank, N.A. as Assistant Vice President-Employee Relations and am authorized to make this Verification on its behalf. I have read the foregoing Verified Complaint and the facts contained therein are true based upon my personal knowledge and belief and based upon documents and information presently available to TD Bank, N.A.

Dated:                                    BY: _____
                                              Lonniece Senior